IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL TORRES,

        Petitioner,

v.                                                         No. CIV-07-0898 MCA/CEG

MIKE HEREDIA, Warden, and
GARY KING, Attorney General
for the State of New Mexico,

        Respondents.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Gabriel Torres's (Torres) pro se petition for writ of habeas corpus under 28 U.S.C. § 2554. *See Doc. 1*. In his petition, Torres argues that an amended judgment and sentence entered in his case violates double jeopardy and his right to due process. *Id*. In addition, he also argues that the district court's failure to consider his reply in his post-conviction proceedings violates his right to due process. *Id*. I disagree, and, for the reasons below, recommend that Torres's § 2254 petition be denied.[1]

Background

In April of 1999, a jury found Torres guilty of second degree murder, two counts of aggravated battery, three counts of aggravated assault, and two counts of negligent use of a deadly weapon. *See Ex. O*.[2] On November 1, 1999, Torres was sentenced as follows:

---

[1] All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); *Rule 8(a), Rules Governing Section 2254 Cases In The United States District Courts.*

[2] All citations to "Exhibits" are to those attached to Respondents' Answer, which was docketed as Document 11.

> THE DEFENDANT IS HEREBY SENTENCED to FIFTEEN (15) years in the Department of Corrections, to be followed by TWO (2) years parole, for SECOND DEGREE MURDER; and THREE (3) years in the Department of Corrections, to be followed by TWO (2) years parole, for each count of AGGRAVATED BATTERY; and EIGHTEEN (18) months in the Department of Corrections, to be followed by ONE (1) year parole, for each count AGGRAVATED ASSAULT; and SIX (6) months in the Department of Corrections for each count of NEGLIGENT USE OF A DEADLY WEAPON.  SAID terms of incarceration shall run consecutively, each to the others, except that the sentences on the two counts of NEGLIGENT USE OF A DEADLY WEAPON shall run concurrent with each other and consecutive to the remaining terms of incarceration, for a total of TWENTY-FIVE (25) years in the Department of Corrections, to be followed by TWO (2) years parole.

*Ex. A*.  Torres appealed, and his convictions were affirmed in a Memorandum Opinion and Order by the New Mexico Court of Appeals in December of 2000.  *See Exs. N, O*.

In August of 2006, some five years after the New Mexico Court of Appeals affirmed Torres's convictions, he filed a Motion to Correct Judgment and Sentence pursuant to NMRA 5-801.  *See Ex. B*.  In his motion, Torres alleged that the trial judge erred in sentencing him to a two-year parole period.  *Id*.  As a result, the Deputy District Attorney reviewed the judgment and sentence, noticed that the time was added incorrectly, and requested an amendment to the total sentence term.  *See Exs. F at 1, H at 3*.  As support for this request, the Deputy District Attorney cited to NMRA 5-113(B), which apples to clerical errors in judgments or orders.  *Id*.  Thereafter, the district court entered an amended judgment and sentence, sentencing Torres to a total term of twenty-six (26) years, followed by one year parole.[3]  *See Ex. E*.

Torres then filed a notice of appeal and a docketing statement, but the New Mexico Court

---

[3] As noted above, Torres original sentence was for a total term of twenty-five years, to be followed by two-years parole.  *See Ex. A*.

of Appeals transferred the matter to the New Mexico Supreme Court, noting that "this case involves an appeal from a district court order denying Appellant's petition for habeas corpus relief in the form of an amended judgment and sentence." *See Exs. G, H, I.* After ordering the State to respond, the New Mexico Supreme Court denied Torres's petition for writ of certiorari in a form order. *See Exs. J, L.* Torres's § 2254 petition followed. *See Doc. 1.*

## Standard of Review

When the state court "adjudicates" the claim at issue on the merits, rather than disposing of a claim on a procedural ground, a federal court cannot grant a writ of habeas corpus unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)-(2); *see e.g.*, *Parker v. Scott*, 394 F.3d 1302, 1308-09 (10th Cir. 2005); *Saiz v. Ortiz*, 392 F.3d 1166, 1176 (10th Cir. 2004), *cert. denied,* 125 S. Ct. 2976 (2005).

The phrase "clearly established federal law, as determined by the Supreme Court of the United States" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta" of the Supreme Court that set forth "the governing legal principle or principles . . . at the time the state court renders its decision." *Yarborough v. Alvarado,* 541 U.S. 652, 660-661 (2004) (internal quotations and citations omitted). "A state-court decision is contrary to [the Supreme] Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton,* 544 U.S. 133, 141 (2005) (internal

citations omitted).

A state decision is not deemed "contrary to" just because it fails to cite Supreme Court opinions, is unaware of Supreme Court precedent, or fails to address a claim or provide any reasoning for its decision. Rather, the focus is whether the reasoning or the result of the state court decision is either contrary to established precedent as defined above, or an unreasonable application thereof. *E.g., Mitchell v. Esparza,* 540 U.S. 12, 16 (2003); *Early v. Packer*, 537 U.S. 3, 8 (2002); *Saiz,* 392 F.3d at 1176; *Gipson v. Jordan,* 376 F.3d 1193, 1196-97 (10th Cir. 2004).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown,* 544 U.S. at 141. However, "it is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court" applied "clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade,* 538 U.S. 63, 75-76 (2003) (internal quotations and citations omitted). "Rather, that application must be objectively unreasonable." *Id.* at 76.[4]

Under § 2254(d)(2), a state decision rests on an "unreasonable determination of the facts" where Petitioner shows by "clear and convincing evidence" that the factual finding is erroneous. Otherwise, the factual findings are presumed correct. *E.g., Miller-El v. Dretke,* 545 U.S. 231,

---

[4] The term 'unreasonable' is 'a common term in the legal world and, accordingly, federal judges are familiar with its meaning.' . . . At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.

*Yarborough,* 541 U.S. at 664.

4

240 (2005); 28 U.S.C. § 2254(e)(2).

If application of the above standards does not foreclose further review and discussion by the federal court, habeas relief nonetheless cannot issue absent a finding of a constitutional violation sufficient to warrant such relief.[5]

## Due Process

In his first claim, Torres argues that the district court's enlargement of his sentence in the post-conviction proceedings is "erroneous." *See Doc. 1* at 6. At the outset, I note that matters of procedure and sentencing are generally matters of state law and cannot justify the federal intervention of habeas corpus relief. *See Wainwright v. Sykes*, 433 U.S. 72, 81 (1977); *Durham v. Wyrick*, 665 F.2d 185, 187 (8th Cir. 1981); *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir. 1967). However, a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980); *Whalen v. United States*, 445 U.S. 684, 689-90 n.4 (1980).

I cannot find that the amended judgment and sentence resulted in a decision that was: (i) contrary to or unreasonable under clearly established federal law, or (ii) based on an unreasonable determination of the facts in light of the evidence presented.[6] Upon a review of the original judgment and sentence, it is obvious that it contains an arithmetic error. *See Ex. A*. When properly calculated, the total term in the original judgment and sentence adds up to twenty-six years. *Id.* at 2. Pursuant to NMRA 5-113(B), "clerical mistakes in judgments, orders

---

[5] *See, e.g., Turrentine v. Mullin,* 390 F.3d 1181, 1189-90 (10th Cir. 2004), *cert. denied,* 125 S. Ct. 2544 (2005); *Brown v. Uphoff,* 381 F.3d 1219, 1225 (10th Cir. 2004), *cert. denied sub nom,* 125 S. Ct. 940 (2005); *Aleman v. Sternes,* 320 F.3d 687, 690 (7th Cir.), *cert. denied,* 539 U.S. 960 (2003); *Herrera v. Lemaster,* 301 F.3d 1192, 1199 (10th Cir. 2002), *cert. denied,* 537 U.S. 1197 (2003).

[6] My recommendation would be the same under a de novo standard.

or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." As such, I cannot conclude that the amended judgment and sentence resulted in an arbitrary disregard of state sentencing law. In addition, as discussed in more detail below, I note that Torres did not have a legitimate expectation of finality in his sentencing calculations because he put his sentence at issue by filing a Motion to Correct Judgment and Sentence. *See Ex. B*. In light of this, it was not fundamentally unfair for the state court to alter his sentencing calculation. *See Santiago v. United States*, 954 F.Supp 1201, 1203 (N.D. Ohio 1996).

Similarly, I also recommend that Torres's third claim be dismissed. In his third claim, Torres argues that in the post-conviction proceedings, he filed a reply "which was not reviewed before the entry of the amended judgment." *See Doc. 1 at 9*. Simply put, such an error does not render the amended judgment and sentence fundamentally unfair, especially when, pursuant to NMRA 5-113(B), the state court may correct clerical errors "at any time."

## Double Jeopardy

In his second claim, Torres argues that the amended judgment and sentence violates the Double Jeopardy Clause. *See Doc. 1 at 7*. The Fifth Amendment, in relevant part, provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The general principle behind the Double Jeopardy Clause is "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . . ." *Green v. United States*, 355 U.S. 184, 187 (1957). Among other things, the Double Jeopardy Clause prevents a court from increasing a defendant's sentence once he has a "legitimate expectation of finality in

his original sentence." *United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir. 1992); *Ward v. Williams*, 240 F.3d 1238, 1242 (10th Cir. 2001).

In addition to the reasoning above, Torres's double jeopardy claim fails because he did not have a legitimate expectation of finality in his original sentence. As the Tenth Circuit held:

> [A]ny expectation of finality in a sentence is wholly absent where . . . the defendant requests that his prior sentence be nullified. The defendant has, by his own hand, defeated his expectation of finality and the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.

*United States v. Welch*, 928 F.2d 915, 917 (10th Cir. 1991) (citations omitted); *see also United States v. Scott*, 437 U.S. 82, 99 (1978); *Santiago,* 954 F.Supp at 1203 ("Petitioner does not have legitimate expectations of finality in his sentencing calculations because he has put the sentencing package at issue via habeas corpus."). Therefore, I cannot find that the state court decision is contrary or unreasonable under the applicable standard and recommend that Torres's double jeopardy claim be dismissed.[7] "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States*, 330 U.S. 160, 166-167 (1947).

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1)   the petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied; and

2)   this cause be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

---

[7] My recommendation would be the same under a de novo standard.

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE